A petition for rehearing was filed in this case, but it was refused.

No. 1661.   Collins v. Roumillat.   November Term, 1884. This was an order dismissing an appeal on motion, because (1) the exceptions to the rulings during the trial, and to the order refusing a new trial, had not been furnished to the presiding judge; and (2) the Brief presented to this court was not the case as settled, and was not in compliance with the requirements of rule V.   Opinion by Mr. Justice McGowan, March 3, 1885. *A. G. Magrath & Son*, for the motion.   *W. M. Thomas*, contra.

No. 1668.   Best v. Sanders.   November Term, 1884.   A suit for partition was commenced in 1854, and Chan. Dunkin, in February, 1855, declared the right of the parties, and ordered a writ of partition to issue.   The writ was issued, but no return was ever made because of disagreement among the commissioners. In February, 1856, the cause was marked "ended" on the docket by Chan. Johnston, and all the papers were put into a package, labelled and entered by its title on the "General Index." The affidavits now submitted show that there had been no partition, and no proceedings subsequent to the issuing of the writ.

This was a motion made before Aldrich, J., at Barnwell, in May, 1883, by the original plaintiff (who was then an infant, who married in 1858, and attained her majority in 1860) for leave to file and serve a supplemental complaint, the original parties and the heirs of those since deceased being named as parties in the supplemental complaint, and notified of the motion. The Circuit judge refused the motion.

On appeal this court held that the evidence showed that the entry on the docket, if not a mistake, was premature, and that the case was never ended; that under the old equity practice, the right to revive would exist without any well defined limit in point of time, and that it might have been accomplished by a bill *in the nature of a bill of revivor and supplement;* that this right has been substantially preserved by the code of procedure (§ 142); that this is a question relating merely to pleading, and does not affect the merits, but there is no authority for applying

the statute of limitations to the *right to institute* such a proceeding, although the relief therein demanded may be barred.

Judgment reversed. OPINION by MR. JUSTICE McGOWAN, March 13, 1885. *I. L. Tobin,* for appellant. No counsel contra.

No. 1671. CLEMONS *v.* C., C. & A. R. R. COMPANY. November Term, 1884. This was an action to recover the value of cross-ties and wood furnished by plaintiff to defendant. The trial justice gave judgment for the plaintiff, and the Circuit judge (HUDSON) affirmed the judgment below. On appeal this court approved the findings below as to the cross-ties, but held that there was no evidence whatever as to the wood; and granted a new trial *nisi.* OPINION by MR. JUSTICE McGOWAN, March 16, 1885. *J. T. Barron,* for appellant. *H. A. Meetze,* contra.

No. 1693. MILLER *v.* MORRISON. November Term, 1884. One Rives put $10,000 in Confederate money in the hands of defendant in 1864 to speculate with in the buying and selling of negroes, cotton, &c., the defendant to receive one-half of the net profits. At the close of the war defendant had on hand three negroes and some cotton. In 1870 Rives assigned his claim to plaintiff's intestate, who commenced this action in March, 1882. The complaint was dismissed by ALDRICH, J., who held, among other things, that the action was barred by the statute of limitations. On appeal, *held*—

1. That the finding of fact by the referee, concurred in by the Circuit judge, that Rives had demanded a settlement in 1866, approved, as it is sustained by evidence in the case.

2. That the conduct of the parties show that the trust relation previously existing between them was terminated in 1865 or 1866 ; a reasonable time thereafter was allowed defendant for a settlement, and he was then liable to an action by Rives. Therefore this action was barred when it was commenced in 1882.

3. A question not raised nor considered below cannot be considered here.

Judgment affirmed. OPINION by MR. JUSTICE McIVER, April 21, 1885. *W. B. Wilson,* for appellant. *C. E. Spencer,* contra.